Alvin **JORDAN** et al., Plaintiffs,

v.

Michael S. **WOLKE** et al., Defendants.

No. 77–C–81.

United States District Court,
E. D. Wisconsin.

Jan. 31, 1978.

Legal Action of Wisconsin, George R. Edgar, Patricia D. McMahon and Richard M. Klein, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, County Corp. Counsel, by Gerald C. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

### ORDER

MYRON L. GORDON, District Judge.

The plaintiffs, who are pretrial detainees incarcerated at the county jail of Milwaukee County, filed a motion pursuant to Rule 65, Federal Rules of Civil Procedure, for a preliminary injunction restraining the defendants from enforcing and continuing the present visiting policies and conditions at the jail. In a decision and order dated June 13, 1977, I indicated that injunctive relief should be granted to the plaintiff class. I

then appointed attorney Thomas W. St. John as master and directed him to submit, after appropriate inquiry, a written report which would include recommendations for "correcting the abuses attendant to the visitation rules and policies affecting the plaintiff class" at the jail.

I have received and considered the master's report, the parties' comments thereon, and the parties' proposed orders granting preliminary injunctive relief. I hereby adopt the findings of fact set forth at pages 11 to 23 of the master's report.

I find that the defendants should be required to implement a greatly expanded visitation program for pretrial detainees at the jail. Many of the present restrictions on visitation do not support any legitimate interest of the defendants in detaining the plaintiffs and ensuring their presence at trial. I believe that jail restrictions may be relaxed as described in this order without jeopardy to institutional security or a necessity for inordinate expenditures.

The defendants will be directed to enlarge regular visitation hours from four weekend hours to a total of ten afternoon, evening, and weekend hours per week. I find the defendants' proposal that visitation be scheduled each week from 2:00 P.M. to 4:00 P.M. and 6:00 P.M. to 8:00 P.M. on Tuesdays and Thursdays, and from 1:30 P.M. to 3:30 P.M. on Sundays an acceptable *beginning*, from which weekly visitation hours may be increased by subsequent order of the court. The defendants will also be directed to continue their present policy of allowing visits outside of assigned hours in appropriate circumstances. Pretrial detainees will hereafter be allowed at least two visits per week and four visitors per visit. Each of such visits shall, at the pretrial detainee's option, be not less than 30 minutes long.

The defendants urge that they should not presently be required to provide contact visitation for the plaintiff class at the jail, "because of the unreasonable expenditures needed to secure the jail for that purpose." As the master notes, the expense connected with contact visitation may not be as-certained with certainty at this time. However, I have concluded, after reviewing the exhibits and transcripts submitted with the master's report as well as pages 23 to 30 of the report itself, that a program of contact visitation consistent with the provisions of this order can in fact be implemented without endangering institutional security or requiring an unreasonable expenditure of funds.

The defendants will be directed to provide facilities for contact and non-contact visitation in accordance with the terms of this order. The location of such facilities is a matter originally entrusted to the defendants' discretion. Nevertheless, the defendants will be required, with reasonable promptness, to construct and develop the facilities necessitated by this order; present or proposed construction plans for the jail should be modified to include the facilities described herein.

The defendants also may implement measures appropriate to safeguard the security of the institution and its inmates, visitors, and personnel. Security measures may include, without limitation, screening of pretrial detainees and visitors, searching pretrial detainees, and requiring that visitors provide appropriate identification.

The defendants will be required to provide facilities for contact visits with pretrial detainees and also for non-contact visits in the event a reason exists for the denial of contact visitation. Pretrial detainees shall be permitted contact visits unless (a) such a visit in a specific case jeopardizes institutional security or the health of inmates, jail personnel, or visitors, or (b) a different mode of visitation is requested by a pretrial detainee or a visitor.

In the event contact visitation is inappropriate for the reasons cited above, non-contact visitation as outlined in this order shall be accorded to pretrial detainees and their visitors unless institutional security or a proper interest of the defendants will be endangered thereby. The defendants may limit or prohibit visitation only under prescribed circumstances and for specific reasons. A written policy detailing all such

circumstances and reasons shall be promulgated by the defendants and made available to pretrial detainees and visitors as described below.

The court will consider modification of the provisions of this order on the motion of any party.

On the basis of the entire record in this action,

IT IS ORDERED that the findings of fact made by the master at pp. 11 to 23 of his report be and hereby are adopted by the court.

IT IS ALSO ORDERED that the plaintiffs' motion for a preliminary injunction be and hereby is granted as set forth in this order. Within 30 days of the date of this order, the defendants shall prepare, promulgate, and implement a visitation policy for pretrial detainees at the county jail of Milwaukee County as follows:

(1) Visiting hours shall be expanded to a minimum of 10 hours per week from 2:00 P.M. to 4:00 P.M. and 6:00 P.M. to 8:00 P.M. on Tuesdays and Thursdays, and from 1:30 P.M. to 3:30 P.M. on Sundays. Visits outside of these assigned hours shall continue to be allowed in appropriate circumstances. At least two visits per week, each of not less than 30 minutes duration, shall be accorded to every pretrial detainee.

(2) The defendants shall admit family members, both adults and children, and friends as visitors. Four visitors shall be permitted to visit with each pretrial detainee at one time.

(3) The defendants shall prepare and implement a program of contact visitation for pretrial detainees. Facilities for contact visitation must be constructed so as reasonably to meet the needs of pretrial detainees confined at the jail. These facilities shall, at a minimum, permit pretrial detainees to visit with four visitors at the same time while seated or standing (at the option of the pretrial detainees and their visitors) without separation by a wall or partition. The facilities shall be arranged so as to provide pretrial detainees and their visitors a reasonable degree of vocal but not visual privacy.

(4) The defendants shall provide facilities for non-contact visitation reasonably planned to meet the needs of pretrial detainees confined at the jail. All such facilities must be adequate to allow communication between pretrial detainees and their visitors in a normal tone of voice. Also, the facilities must include windows which are sufficiently large to make pretrial detainees and their visitors visible to each other without substantial distortion.

(5) The defendants shall prepare and promulgate a written policy statement, enumerating all of the prescribed visitation rules consistent with this order and the circumstances and specific reasons under which visitation may be limited or prohibited. Copies of this written policy shall be posted prominently in the jail and distributed to all present and future pretrial detainees. Copies shall also be available to visitors at the county jail upon their request, and a copy shall be given to any visitor who is denied permission to visit a pretrial detainee. In addition, copies of such written policy shall be provided to counsel for the parties, to the master, Thomas W. St. John, and to the court. Visits may be restricted or curtailed only on one or more grounds stated in the written policy.

(6) The defendants shall prepare and promulgate a procedure for notice and prompt appeal of their decision denying pretrial detainees the opportunity for any type of visit. A written notice setting forth the reasons for the denial, the names of the pretrial detainee and the visitor(s), the time and date of the denial, and a statement describing how and when to appeal the decision shall promptly be given to the affected pretrial detainee. A written decision on an appeal of the denial of visitation shall be given or mailed to the pretrial detainee within seven days after the submission of the appeal.

IT IS FURTHER ORDERED that the defendants serve and file with the court by July 3, 1978, a written report on their implementation of this order. This report shall also contain the defendants' recom-

mendation for modification, including expansion, of the visitation hours prescribed in this order. The plaintiffs' comments on the report should be served and filed by July 15, 1978. A copy of the defendants' report and the plaintiffs' comments thereon should be mailed to the master.